UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                            :

In re                      :      Chapter 11
                           :

EMMC, Inc., f/k/a,        :      Case No. 04-10845 (RDD)
Elite Model Management Corporation, :

        Debtor.     :

-------------------------------------------------------x
                            :

CHESTER B. SALOMON, as Litigation :
Trustee of the estate of EMMC, Inc., f/k/a :    Adv. Pro. No.
Elite Model Management Corporation, :
                           :

        Plaintiff,   :
                           :

   - against -     :
                           :

200 ELEVENTH ASSOCIATES,   :
                           :

        Defendant.  :
                           :

-------------------------------------------------------x

## COMPLAINT TO AVOID PREFERENTIAL TRANSFER

As and for his Complaint against 200 Eleventh Associates ("Defendant"), Chester B. Salomon, in his capacity as Trustee under the Litigation Trust (the "Litigation Trustee") created under the Second Amended Chapter 11 Plan of Liquidation of the estate of the above-captioned debtor (the "Debtor"), alleges upon knowledge as to his own acts, and otherwise upon information and belief, as follows:

### Nature of Case

1. This Complaint seeks to avoid and recover from Defendant, or from any other person or entity whose benefit the transfers were made, all preferential transfers made for or on account of an antecedent debt made to or for the benefit of Defendant by the Debtor during

SL1 562125v1/072008.00001

the ninety day period prior to the filing of the Debtor's bankruptcy petition (or, in the alternative, to avoid such transfers as fraudulent transfers) under 11 U.S.C. §§ 547, 548 and 550.

## Jurisdiction and Venue

2.   This Court has subject matter jurisdiction under 28 U.S.C. §§ 157(a) and 1334(b) in that this proceeding arises under title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

3.   This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), (H) & (O).

4.   Pursuant to 28 U.S.C. § 1409(a), venue is proper in this district because this proceeding arises in a case under the Bankruptcy Code pending in this district.

## Parties

5.   On February 11, 2004 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). By order dated April 8, 2005 (the "Confirmation Order"), the Debtor's Amended Chapter 11 Plan of Liquidation (the "Plan") was confirmed. The Plan became effective on April 19, 2005 (the "Effective Date"). The Litigation Trust was established, *inter alia*, to prosecute certain Causes of Action (as defined in the Plan) that previously belonged to the Debtor and that were transferred to the Litigation Trust on the Effective Date of the Plan, including without limitation preferences and fraudulent transfers. Chester B. Salomon has been appointed Litigation Trustee and is currently serving in such a capacity.

6.   Upon information and belief, Defendant is a corporation with a mailing address located at P.O. Box 27984, Newark, New Jersey 07101-7984.

SL1 562125v1/072008.00001                    2

7.    This adversary proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking to avoid and recover, in accordance with sections 547, 548 and 550 of the Bankruptcy Code, certain transfer(s) (the "Transfers") that were made by Debtor to Defendant totaling $7,000.00.  A Schedule identifying the Transfers is annexed hereto as **Exhibit 1**.

### FIRST CLAIM FOR RELIEF
#### (Avoidance and Recovery of Preferential Transfers)

8.    The Litigation Trustee repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 7 of this Complaint as if fully set forth in this first claim for relief.

9.    The Transfers constitute transfers of interests of the Debtor in property.

10.   The Transfers were made to or for the benefit of a creditor of the Debtor.

11.   The Transfers were made for or on account of an antecedent debt or antecedent debts owed by the Debtor to the Defendant before the Transfers were made (the "Debts").

12.   The Transfers were made while the Debtor was insolvent.

13.   The Transfers were made on or within ninety (90) days before the Petition Date.

14.   The Transfers enabled the Defendant to receive more than the Defendant would have received if the case were one under chapter 7 of the Bankruptcy Code, the Transfers had not been made, and the Defendant had received payment of the Debts to the extent provided by the provisions of the Bankruptcy Code.

15.  Accordingly, pursuant to 11 U.S.C. § 547(b), the Litigation Trustee is entitled to judgment avoiding the Transfers made to the Defendant.  The Litigation Trustee intends to recover all Transfers avoidable pursuant to 11 U.S.C. § 547(b) made to the Defendant, which arose out of any conduct, transactions, or occurrences set forth in this complaint regardless of whether such transfers are specifically set forth on the schedule annexed hereto.

16.  Upon information and belief, Defendant was the initial transferee or the entity for whose benefit the Transfers were made.

17.  Accordingly, pursuant to 11 U.S.C. § 550(a)(1), the Litigation Trustee is entitled to judgment allowing the Litigation Trustee to recover from the Defendant the amount of the Transfers, together with interest at the rate set forth in 28 U.S.C. § 1961 from the date of the Transfers.

## SECOND CLAIM FOR RELIEF
### (Avoidance and Recovery of Fraudulent Transfers)

18.  Pleading in the alternative, the Litigation Trustee repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 17 of this Complaint as if fully set forth in this second claim for relief.

19.  The Transfers were made within one year before the Petition Date.

20.  Upon information and belief, the Debtor received less than a reasonably equivalent value in exchange for the Transfers.

21.  The Debtor was insolvent on the dates that the Transfers were made, or became insolvent as a result of the Transfers.

22.  At the time or as a result of the Transfers, the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital.

23.  At the time or as a result of the Transfers, the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

24.  Accordingly, pursuant to 11 U.S.C. §§ 548(a)(1)(B) & 550(a)(1), the Litigation Trustee is entitled to judgment avoiding the Transfers, and allowing the Litigation Trustee to recover from the Defendant the amount of the Transfers, together with interest at the rate set forth in 28 U.S.C. § 1961 from the date of the Transfers.

**WHEREFORE,** the Litigation Trustee respectfully requests judgment against Defendant be entered as follows:

a.  Pursuant to 11 U.S.C. § 547(b), avoiding and setting aside the Transfers to Defendant as preferential transfers;

b.  In the alternative, pursuant to 11 U.S.C. § 548(a)(1)(B), avoiding and setting aside the Transfers as constructive fraudulent conveyances;

c.  Pursuant to 11 U.S.C. § 550(a) of the Bankruptcy Code, awarding the Litigation Trustee judgment in an amount equal to the amount of the Transfers and directing Defendant to immediately pay the Litigation Trustee the amount of the Transfers, together with interest at the rate set forth in 28 U.S.C. § 1961 from the date of the Transfers;

d.  Awarding the Litigation Trustee his attorneys' fees, costs and other expenses incurred in this action; and

e.    Granting the Litigation Trustee such other and further relief as is just.

Dated: New York, New York
        October 25, 2005

**STEVENS & LEE, P.C.**
Counsel to the Litigation Trustee

By: /s/ Constantine D. Pourakis
    Nicholas F. Kajon (NK-1096)
    Constantine D. Pourakis (CP-0730)
    485 Madison Avenue, 20th Floor
    New York, New York 10022
    (212) 319-8500

TO:    200 Eleventh Associates
       P.O. Box 27984
       Newark, NJ 07101-7984
       Attn: President or other officer authorized to accept service of process

## **Exhibit 1**

| CREDITOR NAME | PAYMENT DATE | CLEAR DATE | TOTAL |
|---|---|---|---|
| 200 ELEVENTH ASSOCIATES | 11/3/03 | 11/13/03 | $2,300.00 |
| | 12/2/03 | 12/11/03 | $2,300.00 |
| | 1/6/04 | 1/15/04 | $2,300.00 |
| | 1/12/04 | 2/2/04 | $100.00 |
| **TOTAL** | | | **$7,000.00** |